## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

|  |  |  |
|---|---|---|
| **MISTY PENTON,** | : | |
| | : | |
| **Plaintiff,** | : | Case No. 7:13-cv-128(HL) |
| | : | |
| **v.** | : | |
| | : | |
| **THOMAS UNIVERSITY, INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

### ANSWER

COMES NOW, Defendant Thomas University, Inc., by and through counsel, Constangy, Brooks & Smith LLP, and makes its Answer to the Complaint herein as follows:

### FIRST DEFENSE

In answer to the specific allegations of the Complaint, Defendant responds as follows:

### Nature of the Action

1.      In response to the allegations contained in paragraph 1, Defendant admits only that, pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights claim jurisdiction), this Honorable Court has original jurisdiction over properly pleaded claims arising under Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e et seq. ("Title VII). Defendant denies that it has violated Plaintiff's rights, and denies that is has discriminated against Plaintiff and denies that Plaintiff is entitled to the relief she seeks.

2.      In response to the allegations contained in paragraph 2, Defendant admits only that Plaintiff demands an amount in excess of Seventy Five Thousand Dollars, ($75,000.00), declaratory, injunctive, legal and equitable relief, and attorneys' fees, costs and damages.  Defendant denied that it has violated Plaintiff's rights and that Plaintiff is entitled to the relief she seeks.

### The Parties

3.      In response to the allegations in paragraph 3, Defendant admits only that Plaintiff is a member of a protected class due to her gender, female, and that, upon information and belief, that she is a resident of the State of Florida.  Defendant denies that Plaintiff reported discrimination or engaged in any other activity protected by federal law, and denies that Plaintiff is entitled to the relief she seeks.  Defendant denies any remaining allegations in paragraph 3.

2.(sic)  Defendant admits the allegations in paragraph 2 under "The Parties."

3.(sic)  Defendant admits only that Plaintiff filed a charge of discrimination. Defendant denies any remaining allegations in paragraph 3 under "The Parties."

### Statement of the Ultimate Facts

4.      In response to the allegations in paragraph 4, Defendant admits only that Plaintiff began employment on August 17, 2007, and held the position of Instructor until her termination on June 17, 2012.  Defendant denies the remaining allegations in paragraph 4.

5.      Defendant denies the allegations in paragraph 5.

6.      Defendant denies the allegations in paragraph 6.

**7.**      Defendant is without sufficient knowledge to admit or deny the allegations contained in the first sentence of paragraph 7.  Defendant denies the remaining allegation in paragraph 7.

## Count I – Gender Discrimination

8.      Defendant re-alleges and reincorporates its responses to paragraphs 1-7 as if fully incorporated herein.

9.      In response to the allegations in paragraph 9, Defendant admits that Plaintiff purports to bring an action for gender discrimination.  Defendant denies that it discriminated against Plaintiff and denies the remaining allegations in paragraph 9.

10.      Defendant denies the allegations in paragraph 10.

11.      Defendant denies the allegations in paragraph 11.

12.      Defendant denies the allegations in paragraph 12.

13.      Defendant denies the allegations in paragraph 13.

14.      Defendant denies the allegations in paragraph 14.

15.      Defendant denies the allegations in paragraph 15.

## Count II - Retaliation

16.     Defendant re-alleges and reincorporates its responses to paragraphs 1-15 as if fully incorporated herein.

17.     Defendant admits the allegations in paragraph 17.

18.     Defendant denies the allegations in paragraph 18.

19.     Defendant denies the allegations in paragraph 19.

20.     Defendant denies the allegations in paragraph 20.

21.     Defendant denies the allegations in paragraph 21.

22.     Defendant denies the allegations in paragraph 22.

## Prayer for Relief

23.     Defendant denies the allegations contained in the prayer for relief, including subparagraphs (a) through (f) thereof, and further deny that Plaintiff is entitled to the relief prayed for or to any relief whatsoever.

24.     Defendant denies any and all remaining allegations contained in the Complaint for Damages other than those allegations specifically admitted in paragraphs 1-23 above.

## SECOND DEFENSE

Plaintiffs fail to state claims upon which relief can be granted under Title VII of the Civil Rights Act of 1964, as amended.

- 4 -

**THIRD DEFENSE**

Even if Plaintiff's gender or alleged complaints of gender discrimination were a factor in any of Defendant's decisions, which Defendant denies, Defendant would have taken the same actions regardless of Plaintiff's gender and/or alleged complaints of gender discrimination.

**FOURTH DEFENSE**

To the extent that Plaintiffs alleges acts or omissions that occurred more than 180 days prior to the date on which their Charges of Discrimination were received by the EEOC, her Title VII claims are barred by the applicable statute of limitations.

**FIFTH DEFENSE**

Some or all of Plaintiff's claims are barred because the claims are beyond the scope of Plaintiff's underlying EEOC Charges of Discrimination.

**SIXTH DEFENSE**

Plaintiff has suffered no compensable damages.

**SEVENTH DEFENSE**

Plaintiff has failed to mitigate any damages that she may have suffered.

**EIGHTH DEFENSE**

Plaintiff is not entitled to compensatory or punitive damages arising from her claims because Defendant did not intentionally discriminate, retaliate or act with malice or reckless disregard for Plaintiff's federally protected rights, regardless of the ultimate lawfulness of their actions.

## NINTH DEFENSE

Plaintiff is not entitled to compensatory damages because any emotional distress or mental anguish she allegedly suffered was caused by occurrences other than conduct for which Defendant are liable as a matter of law.

## TENTH DEFENSE

No action of Defendant proximately caused any injury or damage allegedly suffered by Plaintiff.

## ELEVENTH DEFENSE

Plaintiff is not entitled to injunctive, equitable or declaratory relief, since Defendant's actions were premised upon legitimate non-discriminatory, non-retaliatory reasons.

## TWELFTH DEFENSE

Plaintiffs cannot establish prima facie cases of gender discrimination, sexual harassment or retaliation.

## THIRTEENTH DEFENSE

Defendant's actions were premised upon legitimate non-discriminatory, non-retaliatory reasons.

## FOURTEENTH DEFENSE

Defendant's employment decisions were for good cause and in good faith and were based on reasonable factors other than Plaintiff's gender and/or alleged complaints of discrimination.

**FIFTEENTH DEFENSE**

Plaintiff's gender and/or alleged complaints of discrimination were not a factor, determinative or otherwise, in any decision regarding her

**SIXTEENTH DEFENSE**

Plaintiff is not entitled to back pay or front pay to the extent she has been employed since her termination.

**SEVENTEENTH DEFENSE**

Plaintiff is an at-will employee who suffered no actual damages under Georgia law through the loss of her employment.

**EIGHTEENTH DEFENSE**

Plaintiff is not entitled to any award of punitive damages in that Defendant has implemented and maintained policies and practices designed and intended to prevent discrimination and retaliation.

**NINETEENTH DEFENSE**

Defendant exercised reasonable care to prevent and promptly correct any unlawful or wrongful conduct and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

**TWENTIETH DEFENSE**

Upon discovery of sufficient facts, Defendant reserves the right to raise the defense of after acquired evidence.

Defendant reserves the right to plead other affirmative defenses which may become known during their continuing investigation and during discovery in this case.

WHEREFORE, Defendant respectfully requests that:

(a)      The Complaint be dismissed;

(b)      Judgment be entered for Defendant;

(c)      Plaintiff take nothing;

(d)      Defendant be awarded its costs in defending this matter; and

(e)      Defendant be awarded such other and further relief as this Court deems

proper.

Respectfully submitted this 2nd day of December , 2013.

CONSTANGY, BROOKS & SMITH LLP

/s/ W. Jonathan Martin II
W. JONATHAN MARTIN II
Georgia Bar Number 474590
ALYSSA K. PETERS
Georgia Bar Number 455211

577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA 31202-1975
(478) 750-8600
(478) 750-8686

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I electronically filed the foregoing ANSWER with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

> James Garrity
> MARIE A. MATTOX, P.A.
> 310 East Bradford Road
> Tallahassee, Florida 32303

Respectfully submitted this 2nd day of December, 2013.

CONSTANGY, BROOKS & SMITH LLP

/s/ W. Jonathan Martin II
W. JONATHAN MARTIN II
Georgia Bar Number 474590

577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA 31202-1975
(478) 750-8600
(478) 750-8686